UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE A. DELLAPIETRA,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 11-cv-04697-JCS<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 23 |

## I. INTRODUCTION

Renee Dellapietra filed this action seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her Application for disability insurance and Supplemental Security Income ("SSI") benefits under the Social Security Act ("SSA"). On August 8, 2012, the Court reversed the decision of the Commissioner and remanded for additional administrative proceedings. On remand, the Commissioner granted Plaintiff's application for benefits, entitling her to receive $123,628.00 in retroactive benefits under Title II. *See* Declaration of Young Cho ("Cho Decl."), Exs. 2 & 3. Plaintiff's counsel, who represented Plaintiff under a contingency fee agreement, now brings a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("the Motion"), seeking an award of $18,000.00 in attorneys' fees for work before this Court. For the reasons stated below, the Motion is GRANTED.[1]

## II. BACKGROUND

On July 2, 2010, Plaintiff entered into a Fee Agreement appointing the Law Offices of

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Lawrence D. Rohlfing to represent her in connection with her claim for social security disability benefits. Cho Decl., Ex. 1. The Fee Agreement provides for an award of 25% of any back pay award for fees incurred for work before the Social Security Administration and a separate 25% of the back pay award for fees incurred for work in any judicial action. *Id*., ¶¶ 3-4. The Social Security Administration has withheld $30,907.00, which is 25% of the total past due benefits to Plaintiff, "pending decision on any attorney fee petition that is filed in this case." Cho Decl., Ex. 3.

Young Cho is an attorney with the Law Offices of Lawrence D. Rohlfing and represented Plaintiff in this action. In the Motion, Plaintiff's counsel asks the Court to direct the Social Security Commissioner to certify under 42 U.S.C. § 406(b) the fee of $18,000.00 for fees incurred in this Court, payable to the Law Offices of Lawrence D. Rohlfing, and to direct Young Cho to refund the $3,900.00 in Equal Access to Justice Act funds ("EAJA fees") previously paid to him. According to the declaration of Young Cho, the Law Offices of Lawrence D. Rohlfing and Plaintiff's prior administrative counsel, Ita & Low, intend to seek $12,000.00 in fees for work before the Social Security Administration under 42 U.S.C. § 406(a). Cho Decl., ¶ 6. Thus, the total fees sought will not exceed the 25% withholding in this case. According to Cho, counsel expended 24.6 hours before the District Court. Cho Decl., ¶ 5 & Ex. 4 (itemization of time).

The United States filed a Statement of Non-Opposition to Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).

Counsel served the Motion on Plaintiff by mailing it to her on September 19, 2013. Docket No. 23. Plaintiff has not appeared or filed any objection to the Motion.

### III.   ANALYSIS

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; §

406(b) controls fees for representation in court. See also 20 CFR § 404.1728(a) (2001).

*Gisbrecht v. Barnhart*, 535 U.S. 789, 793-794 (2002).   Section 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."

Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the recovery "based on the character of the representation and the results the representative achieved." 535 U.S. at 808.  Further, the Ninth Circuit has held that the 25% cap under subsection (b) applies only to fees awarded under that subsection and does not apply to the *total* fees awarded under subsections (a) and (b) combined, which may exceed 25% of the award of benefits.  *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008).

In addition to the fees permitted under § 406(a) and (b), the Equal Access to Justice Act ("EAJA"), enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing  28 U.S.C. § 2412(d)(1)(A)).  In contrast to fees awarded under § 406(b),  EAJA fees are based on the "time expended" and the attorney's "[hourly] rate." 28 U.S.C. § 2412(d)(1)(B).  According to *Gisbrecht*, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.'" 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186).

Here, Plaintiff's counsel seeks an award of $18,000.00 in fees for work in this action – significantly less than the amount provided for under the Fee Agreement and permitted under §

3

1  406(b).  Counsel caused no delay in this action and obtained excellent results for Plaintiff.  In
2  addition, the amount is reasonable in light of the time spent by counsel on the action.
3  Accordingly, the Court concludes Plaintiff's counsel is entitled to the $18,000.00 in fees sought in
4  the Motion.  *See Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009).

## IV.     CONCLUSION

For the reasons stated above, the Motion is GRANTED.  The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $18,000.00, payable to the Law Offices of Lawrence D. Rohlfing.  Attorney Young Cho is directed to refund the EAJA fees, in the amount of $3,900.00, to Plaintiff Renee Dellapietra.

**IT IS SO ORDERED.**

Dated:  October 30, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge